UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RANDY GUARDIOLA, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case no. 4:07cv0834 TCM |
| | ) |
| LARRY ROWLEY, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

The 28 U.S.C. § 2254 petition of Randy Guardiola, a Missouri prisoner, for federal habeas corpus relief is before the undersigned Magistrate Judge for a final disposition pursuant to the parties' written consent. See 28 U.S.C. § 636(c).

## Background

Randy Guardiola ("Petitioner") was sentenced in 2001 to two concurrent terms of five years imprisonment after being convicted of second degree robbery and unlawful use of a weapon. (Pet. Ex. 1 at 8.) He was discharged from this sentence in March 2006. (Id.) In April 2006, he pled guilty to possession of a controlled substance at the Department of Corrections ("DOC")[1] and was sentenced to two years imprisonment. (Id. at 3; Pet. at 6.) See also State v. Guardiola, No. 05C9-CR01706-01 (Mo. Cir. Ct. April 17, 2006) (Missouri

---

[1] He alleges in his § 2254 petition that he pled guilty as a "package deal" to third degree sexual misconduct/assault; second degree robbery; unlawful use of a weapon; and third degree assault. (Pet. at 1.) The public records and the allegations supporting his § 2254 claim refer only to the possession of marijuana at a correctional center. (See Pet. at 5.)

Case.net https://www.courts.mo.gov/ casenet/cases/searchDockets.do (last visited May 12, 2010). He was given credit against this sentence for the 30 days he was detained before his conviction and his subsequent delivery to the DOC. (Pet. Ex. 1 at 5.)

On July 25, 2006, Petitioner was notified by the Missouri Board of Probation and Parole ("the Board") that he had been scheduled for release on July 19, 2007. (Id. at 6.) This date was above the guideline range and was (1) based on the "[c]ircumstances surrounding the present offense and (2) the lack of a reasonably probability that he would not again violate the law[2] given (a) his "[h]istory of prior criminal involvement"; (b) his "[p]oor field supervision history"; (c) his "[a]buse of drugs or alcohol"; and (d) his "[p]oor institutional adjustment." (Id. at 6-7.)

Petitioner alleges that the Board has denied him due process by conditioning his release on parole on him undergoing a sex offender assessment and by requiring that he register as a sex offender when released. (Pet. at 5, 6.) This first requirement is based on Petitioner having pled guilty to first degree sexual misconduct.[3] (Id. at 6.) Petitioner further alleges that he filed an appeal with the Board and petitioned the state court for a writ of habeas corpus. (Id.; Pet. Ex. 1 at 1.) His attempt to file a late notice of appeal from the

---

[2]This concern was apparently not ill-founded. In August 2008, Petitioner was sentenced to an aggregate four year term of imprisonment after being found guilty by a jury of resisting arrest and two counts of third degree assault of a law enforcement officer. State v. Guardiola, 304 S.W.3d 804, 804 (Mo. Ct. App. 2010) (per curiam).

[3]In a later pleading, Petitioner explains that the sexual misconduct charge was part of a plea bargain package deal.

denial of the habeas corpus petition was denied on the grounds that there is no appeal from such a ruling. (Id.)

Respondent argues that (i) Petitioner has not exhausted his state court remedies because he could file a petition for a writ of habeas corpus in the Missouri Court of Appeals and in the Missouri Supreme Court and (ii) the claim is without merit because (a) the Board may condition an early release on anything reasonably deemed to assist the offender in being law-abiding and (b) insofar as the claim includes an passing allegation that Petitioner must register as a sex offender, any such requirement is mandated by state statute and is not discretionary with the Board.[4]

Petitioner counters he has given the state courts a full and fair opportunity to review his claims by attempting to appeal the circuit court's denial of his habeas petition. Also, he contends that his claims are meritorious.[5]

## Discussion

Title 28 U.S.C. § 2254(b)(1)(A) and the Supreme Court bar the granting of habeas corpus relief unless it appears that the state prisoner has exhausted available state court remedies. See **Gray v. Netherland**, 518 U.S. 152, 161 (1996); **Coleman v. Thompson**, 501 U.S. 722, 730 (1991). "Because it would be unseemly in our dual system of government for

---

[4]See Mo.Rev.Stat. § 589.400.2 (requiring certain offenders to register with law enforcement official within three days of release from incarceration).

[5]Respondent also argues that a statute cited by Petitioner, Mo.Rev.Stat. § 566.603, does not exist. Petitioner contends that it does. Section 566.603 (relating to the release, discharge or parole of sex offenders) might be "in the books," as Petitioner alleges, but it was repealed in 1997.

a federal district court to upset a state court [parole decision] without an opportunity to the state courts to correct a constitutional violation,' federal courts apply the doctrine of comity, which 'teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.'" **Id.** at 731 (quoting Rose v. Lundy, 455 U.S. 509, 518 (1982)). See also **Weeks v. Bowersox**, 119 F.3d 1342, 1349-50 (8th Cir. 1997) (en banc) ("Requiring the exhaustion of state remedies both allows the states to correct any possible constitutional violations without unnecessary intrusion by the federal courts and allows the state courts to create a factual record should the matter proceed to federal court."); accord **Mellott v. Purkett**, 63 F.3d 781, 784 (8th Cir. 1995). "To satisfy the exhaustion requirement, [Petitioner] must show that he either made a fair presentation of his claims to the state courts or that he has no other presently available state remedies to pursue." **Gentry v. Lansdown**, 175 F.3d 1082, 1083 (8th Cir. 1999). "A petitioner meets the fair presentation requirement if the state court rules on the merits of his claims, or if he presents his claims in a manner that entitles him to a ruling on the merits." **Id.**

Petitioner has not satisfied this requirement.

Rule 91 of the Missouri Supreme Court allows for a habeas corpus petition to be filed in the circuit court *or* the Missouri Supreme Court *or* the court of appeals. Mo.S.Ct.R. 91.01(a). Rule 91.02 requires, except in capital cases, that the petition be filed first in the circuit or associate circuit court for the county in which the person is held in custody. The

denial of release on parole is a proper subject for a Rule 91 petition. See e.g. **Wayne v. Mo. Bd. of Probation and Parole**, 83 F.3d 994, 997 (8th Cir. 1996) (challenge to Missouri parole decision may be brought by means of Rule 91 petition); **State ex rel. Shields v. Purkett**, 878 S.W.2d 42, 43 (Mo. 1994) (en banc) (original petition filed in supreme court challenging denial of release on parole); **State ex rel. Mitchell v. Dalton**, 831 S.W.2d 942 (Mo. Ct. App. 1992) (review of denial of release on parole may be available on habeas corpus review); **Brown v. Mo. Bd. of Probation and Parole**, 727 F.Supp. 524, 527-28 (W.D. Mo. 1989).

In **Romano v. Wyrick**, 681 F.2d 555, 556-57 (8th Cir. 1982), the Eighth Circuit dismissed without prejudice a Missouri state prisoner's habeas claim that his probation had been unconstitutionally revoked. Although the prisoner's state court habeas claim had been denied by the circuit court, the Eighth Circuit noted that it he could still obtain relief by filing a petition for habeas corpus in *either* the Missouri appellate court or the Missouri Supreme Court. **Id.** It held, however, that the prisoner should not be required to file in both the appellate court and the Supreme Court. **Id.** at 557.

Similarly, although Petitioner has filed a Rule 91 petition in the circuit court challenging the conditions allegedly imposed by the Board, it is undisputed that he has not filed a Rule 91 petition in either the Missouri Court of Appeals or the Missouri Supreme Court. Moreover, there is no allegation that such an action would be futile.

Accordingly,

**IT IS HEREBY ORDERED** that the 28 U.S.C. § 2254 petition of Randy Guardiola is **DISMISSED** without prejudice.

An appropriate Order shall accompany this Memorandum and Order.

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this  13th  day of May, 2010.